## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: B.F., B.F. Jr., & E.F.

No. 13-0064 (Mercer County 11-JA-92, 11-JA-93 & 11-JA-94)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioners J.S. and S.S., by counsel P. Michael Magann, appeal the Circuit Court of Mercer County's March 12, 2013 order denying them placement of the children at issue. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, Catherine Bond Wallace, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioners allege that the circuit court erred in denying their request for a new permanent placement hearing and also in refusing to place the children at issue in their care.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners herein were intervenors in the abuse and neglect proceedings below and are the maternal great-uncle and great-aunt of the children at issue. Upon removal from the biological parents' home, the children were placed with petitioners during abuse and neglect proceedings against the parents. Following a dispositional hearing in December of 2011, the circuit court terminated the biological parents' parental rights to these children.[1] After termination of the parents' parental rights, the circuit court removed the children from petitioners' care in August of 2012 due to allegations that their medical needs were not being met, the child B.F. was not being provided counseling for past sexual abuse, the petitioners had allowed the biological parents to have contact with the children, and Petitioner J.S. was in poor health. After the children were removed, petitioners retained counsel, moved to intervene, and were granted intervenor status.

---

[1] The parents subsequently appealed the termination of their parental rights and this Court upheld the terminations. In re: B.F., B.F. Jr., & E.F., No. 12-0079 (W.Va. Supreme Court, June 25, 2012)(memorandum decision); In re: B.F., B.F. Jr., & E.F., No. 12-0258 (W.Va. Supreme Court, June 25, 2012)(memorandum decision).

1

In December of 2012, the DHHR presented evidence regarding conditions in the home at a permanency hearing. While petitioners did not testify during this hearing, they did present four witnesses on their behalf. Thereafter, the circuit court found that it was in the children's best interest to uphold removal from petitioners' home and denied petitioners' request to be designated as the permanent adoptive placement for the children by order entered on December 21, 2012. Following this hearing, petitioners discharged their counsel and asked the circuit court to appoint new counsel. The circuit court appointed Michael Magann to represent petitioners on appeal. In March of 2013, petitioners moved the circuit court for a new permanency hearing. The circuit court denied this request and re-entered the December 21, 2012 order denying petitioners' request to be designated as the permanent adoptive placement for the children. It is from this order that petitioners appeal.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's decision to deny petitioners' request for a new permanency hearing or in denying them placement of the subject children. Petitioners argue that, pursuant to Rule 3(o) of the West Virginia Rules of Procedure For Child Abuse and Neglect Proceedings, they are persons entitled to notice and an opportunity to be heard in the abuse and neglect proceedings below. The Court agrees, as that Rule clearly states that "'[p]ersons entitled to notice and the right to be heard' are persons other than parties who include . . . custodial relatives providing care for the child." It is undisputed that petitioners were custodial relatives providing care for these children.

However, the Court finds no error in this regard, as petitioners were provided appropriate notice for the permanency review hearing and were also provided the opportunity to be heard. Petitioners base their assignment of error upon their decision to not testify at that hearing, but nothing in the record indicates that petitioners were denied the opportunity to be heard. Petitioners were represented by counsel at this hearing and the record clearly shows that petitioners did not instruct counsel that they wished to testify. Additionally, contrary to petitioners' argument that

their decision not to testify allowed the DHHR to present unrebutted evidence that placement in their home was not in the children's best interest, the record shows that petitioners presented four witnesses on their behalf and were able to cross-examine all opposing witnesses. That petitioners did not take advantage of their opportunity to be heard does not constitute reversible error. Further, while petitioners argue that they received ineffective assistance of counsel during the December 2012 permanency hearing, the Court notes that we have never recognized a claim for ineffective assistance of counsel in the context of abuse and neglect matters, and we decline to do so in the instant matter.

As to petitioners' second assignment of error, the Court finds no error in the circuit court's decision to deny petitioners placement of the children. The record shows that the circuit court was presented with evidence that petitioners failed to obtain counseling for one child in regard to her past sexual abuse, failed to obtain appropriate medical treatment for the children, placed the children with inappropriate caregivers, and allowed the children to sleep in "problematic" arrangements. Based upon this evidence, the circuit court concluded that continuation in petitioners' home was not in the children's best interest. We have previously held that "'[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re Frances J.A.S.*, 213 W.Va. 636, 584 S.E.2d 492 (2003). Because the evidence supports the circuit court's finding that placement with petitioners was not in the children's best interest, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 12, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3